UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

MASON HARRIS,
    Plaintiff,

vs

MR. SAWBEAM, et al.,
    Defendants.

Case No. 1:05cv628

Weber, J.
Black, M.J.

**ORDER**

Plaintiff, an inmate at the Lebanon Correctional Institution (LeCI) in Lebanon, Ohio, brings this action pursuant to 42 U.S.C. § 1983 alleging a violation of his constitutional rights. By separate Order issued this date, plaintiff has been granted leave to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915.  This matter is before the Court for a sua sponte review of the complaint to determine whether the complaint, or any portion of it, should be dismissed because it is frivolous, malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.  *See* Prison Litigation Reform Act of 1995 § 804, 28 U.S.C. § 1915(e)(2)(B); § 805, 28 U.S.C. § 1915A(b).

    A complaint may be dismissed as frivolous when the plaintiff cannot make any claim with a rational or arguable basis in fact or law. *Neitzke v. Williams,* 490 U.S. 319, 328-29 (1989); *see also Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990).  An action has no arguable legal basis when the defendant is immune from suit or when plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke,* 490 U.S. at 327.  An action has no arguable factual basis when the allegations are delusional or rise to the level of the irrational or "wholly incredible." *Denton v. Hernandez,* 504 U.S. 25, 32 (1992); *Lawler,* 898 F.2d at 1199.

Congress has also authorized the dismissal of complaints which fail to state a claim upon which relief may be granted or which seek monetary relief from a defendant who is immune

from such relief. 28 U.S.C. §1915A(b)(1-2).  A complaint fails to state a claim for relief "if it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Brown v. Bargery*, 207 F.3d 863, 867 (6th Cir. 2000).

  Plaintiff brings this action against Mr. Sawbeam, an LeCI corrections officer, and Ernie Moore, the LeCI warden.  The complaint alleges that defendant Sawbeam has been verbally abusive towards plaintiff.  On numerous occasions, Mr. Sawbeam used profanity directed towards plaintiff or used profanity in plaintiff's presence.  In addition, plaintiff alleges that Mr. Sawbeam harassed him by preventing plaintiff from sharing a cell with an inmate of his own choosing.  Plaintiff states he sent an informal complaint to Warden Moore about Sawbeam's actions, but Moore failed to respond.

  Plaintiff further alleges that in May 2005, he was in a fight with Inmate Smith, a member of the Aryan Brotherhood prison gang.  Plaintiff alleges he sent an institutional kite to Warden Moore requesting he be transferred to another prison closer to his family and friends.  Plaintiff advised Moore that when he sees Inmate Smith in the prison, plaintiff "wants revenge."  Plaintiff also alleges that in June 2005 he sent an institutional kite to Warden Moore requesting a cell move.  Plaintiff states he did not wish to share his cell with his current cellmate who is a pedophile.  Plaintiff alleges that Warden Moore failed to respond to either of his institutional kites.  Plaintiff's complaint also relates various incidents involving his stays in other prisons which are not pertinent to the instant lawsuit.  As relief, plaintiff seeks to have Mr. Sawbeam disciplined and money damages.

  Plaintiff's allegations about defendant Sawbeam's verbal abuse and use of profanity fail to state a claim upon which relief may be granted.  Allegations of verbal harassment, threats, or

verbal abuse, without more, do not rise to the level of cruel and unusual punishment prohibited by the Eighth Amendment and are insufficient to state an actionable claim under 42 U.S.C. § 1983. *See Ivey v. Wilson*, 832 F.2d 950, 955 (6th Cir. 1987); *Meadows v. Gibson*, 855 F. Supp. 223, 225 (W.D. Tenn. 1994). The harassment and verbal abuse described by plaintiff do not constitute the type of infliction of pain that the Eighth Amendment prohibits. *Johnson v. Unknown Dellatifa*, 357 F.3d 539, 546 (6th Cir.), *cert. denied*, 125 S.Ct. 157 (2004). Although the allegations, if true, demonstrate shameful and unprofessional behavior, they are insufficient to establish an Eighth Amendment violation. *Id*. Therefore, the complaint against defendant Sawbeam must be dismissed.

The complaint against Warden Moore must also be dismissed. To the extent plaintiff complains defendant Moore failed to properly respond to his informal complaint and institutional kites, plaintiff's complaint fails to state a claim for relief for a denial of due process because plaintiff has no constitutional right to an effective grievance procedure. *See Argue v. Hofmeyer,* 80 Fed. Appx. 427, 430 (6th Cir.(Mich.))(unpublished), 2003 WL 22495834, **2-**3, citing *Hewitt v. Helms,* 459 U.S. 460, 467 (1983); *Antonelli v. Sheahan,* 81 F.3d 1422, 1430 (7th Cir. 1996); *Adams v. Rice,* 40 F.3d 72, 75 (4th Cir. 1994); *Flick v. Alba,* 932 F.2d 728, 729 (8th Cir. 1991). *See also Overholt v. Unibase Data Entry, Inc.*, 221 F.3d 1335 (6th Cir. 2000) (unpublished), 2000 W.L. 799760, at *3 (no inherent constitutional right to an effective prison grievance procedure); *Flowers v. Tate,* (6th Cir. 1991) (unpublished), 1991 W.L. 22009, at *1 (allegations that defendant Ohio prison officials failed to take action on plaintiff's grievance did not give rise to a constitutional claim). Plaintiff's allegations are insufficient to amount to a claim of an interest in any underlying substantive right protected by the Fourteenth

3

Amendment's Due Process Clause and must be dismissed.

Finally, plaintiff's complaint fails to state an actionable claim for monetary relief for defendant Moore's alleged deliberate indifference to plaintiff's safety. Plaintiff has not alleged facts showing he suffered any actual harm as a result of defendant Moore's failure to respond to plaintiff's request for an institutional transfer. *See Wilson v. Yaklich*, 148 F.3d 596 (6th Cir. 1998), *cert. denied*, 119 S.Ct. 1028 (1999). The Court in *Wilson* stated:

> However legitimate [the plaintiff's] fears may have been, we nevertheless believe that it is the reasonably preventable assault itself, rather than any fear of assault, that gives rise to a compensable claim under the Eighth Amendment. [A] claim of psychological injury does not reflect the deprivation of "the minimal civilized measures of life's necessities," *Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *Rhodes v. Chapman*, 452 U.S. 337, 347 (1981), that is the touchstone of a conditions-of-confinement case. Simply put, [the plaintiff] alleges, not a "failure to prevent harm," *Farmer*, 511 U.S. [834] . . . , but a failure to prevent exposure to risk of harm. This does not entitle [the plaintiff] to monetary compensation.

*Wilson*, 148 F.3d at 601 (citations omitted in part). Thus, any alleged failure to "prevent future harm" to plaintiff is not cognizable under § 1983 for monetary damages.

Accordingly, plaintiff's complaint is **DISMISSED** for failure to state a claim upon which relief may be granted.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that for the foregoing reasons an appeal of this Court's Order would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).

**IT IS SO ORDERED.**

Date: 10/31/05      S/Herman J .Weber
                    Herman J. Weber
                    Senior Judge, United States District Court